IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN MCCONVILLE, #24600-045, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00911-JPG ) |
| LIEUTENANT MCCALISTER, LIEUTENANT HUGGINS, LIEUTENANT MAY, LIEUTENANT FLORES, WILLIAM TRUE, OFFICER SMILIE, MS. SHORT, COUNSELOR KRAWCZYK, AND MR. MASTERS, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jonathan McConville, a federal inmate who is currently incarcerated in the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this action for deprivations of his constitutional rights by persons acting under color of federal authority. 28 U.S.C. § 1331; *Bivens v. Six Unknown Names Agents*, 403 U.S. 388 (1971). Plaintiff names nine federal officials at USP-Marion in connection with miscellaneous violations of his rights under the First, Eighth, and Fourteenth Amendments. (Doc. 1, pp. 1-88). He seeks money damages and injunctive relief against them.[1] (*Id*. at p. 7).

---

[1] Plaintiff specifically requests "adequate psychological counseling and/or medication." (*Id*. at p. 7). He does not request a temporary restraining order or a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. Therefore, the Court construes this request as one for relief *at the close of the case*.

1

This case is now before the Court for review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

The Complaint spans 88 pages. (Doc. 1, pp. 1-88). Plaintiff includes a half-page statement of claim, in which he identifies the following claims against the defendants:

> Fourteenth Amendment violation – violation of "Due Process of Law," Denied adequate enough access to Law Library and Legal materials. Denied access to the courts, unreasonable restraint, Liberty interest Violation.
>
> First Amendment Violation – (Prohibition of free Practice of religion)
>
> First Amendment Retaliation – Neglect / Disregard of Job Responsibility
>
> Eighth Amendment Violation – cruel and unusual punishment
>
> Retaliation against inmates Participating in Federally Protected Activities.

(*Id*. at p. 6). Plaintiff does not name any defendants in connection with these claims. (*Id*.).

On the same page, Plaintiff refers to Exhibits B, B1, B2, B3, B4, B5, B6, B7, B8, B9, B10, and B11 and states that the 12 pages of exhibits represent his "Factual Allegations." (*Id*.). In Exhibits B through B11, Plaintiff lists various complaints against defendants in a timeline that begins on May 7, 2019 and ends on July 24, 2019. (Doc. 1, pp. 14-36). In connection with some events, he names one or more defendants. More often, he refers to no one. (*Id*.).

Among other things, Plaintiff complains of the following: a violation of his *Miranda* rights (Doc. 1, p. 14); the unfair issuance of a red card (*id.*); emotional distress, sleep deprivation, and memory loss resulting from the red card (*id.* at pp. 14, 20); improper handling of his grievances about the red card (*id.* at pp. 14, 16); staff retaliation for a BP-8 and BP-9 that Plaintiff filed (*id.* at pp. 16, 22); placement in the special housing unit (S.H.U) for missing check-ins with staff (*id.*); deprivation of personal property (*id.* at pp. 18, 20); interference with religious practice (*id.*); denial of mental health counseling and treatment (*id.*); denial of access to a sink while on suicide watch (*id.* at p. 24); one-time denial of silverware while on suicide watch (*id.*); denial of access to writing instruments, other than ink pens, at law library (*id.* at pp. 24, 32, and 36); placement "at the bottom of the list" for law library (*id.*); retaliatory cell search (*id.* at p. 26); harassment, provocation, threats, and verbal abuse by staff (*id.* at pp. 24, 28); denial of recreation time on "several" occasions in S.H.U. (*id.* at pp. 30, 32); failure by staff to perform their job duties (*id.*); issuance of large pants (*id.*); placement in "paper clothing" (*id.*); mental health staff's disregard of Plaintiff's complaints about head and ear pain (*id.* at p. 34); and denial of treatment for memory and sleep issues (*id.*).

## **Discussion**

The Complaint violates Federal Rule of Civil Procedure 8. Rule 8(a) requires a complaint to set forth "a short and plain statement of Plaintiff's claim(s) showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The rule calls for simple, concise, and direct allegations—not a long timeline of events that lacks focus and fails to mention the defendants in connection with numerous complaints and grievances. FED. R. CIV. P. 8(d)(1). The allegations must instead "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). In a *Bivens* action, this requires a plaintiff to state what each individual federal official did, or failed to do, to violate Plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." *Id*. at p. 676 (emphasis added).

Plaintiff's Complaint is not simple, clear, or concise. He provides copies of grievances and a timeline of events that often fail to mention the defendants. Plaintiff relies on the Court to piece together his claims against each defendant. The Court cannot begin to do so. Plaintiff must decide which claims he will bring against each defendant.

The Complaint also violates the rules of joinder under Federal Rules of Civil Procedure 18 through 21. Plaintiff tosses all of his grievances from May through July 2019 into a single complaint. Many complaints quite obviously arise from discreet transactions or occurrences, share no common questions of fact, and focus on different legal theories. The claims cannot proceed together in one lawsuit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff must instead focus on related claims against a single group of defendants. The decision of which claims to pursue is his.

The Complaint shall be dismissed. However, Plaintiff will have an opportunity to file a First Amended Complaint if he wishes to pursue any of his claim in this action. If he chooses to do so, Plaintiff must comply with the instructions and deadline set forth in the below disposition.

**Motion for Appointment of Counsel**

The Motion for Appointment of Counsel (Doc. 3) is **DENIED without prejudice**.[2] Plaintiff discloses no efforts to contact attorneys about representation before seeking the court's assistance, and he has demonstrated his ability to prepare and file coherent pleadings in this matter and otherwise litigate his claims. Plaintiff may renew his request by filing another motion, if he is unable to locate counsel and can demonstrate his need for an attorney.

**Disposition**

**IT IS ORDERED** that the Complaint is **DISMISSED** without prejudice for violation of Federal Rule of Civil Procedure 8. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **November 26, 2019**, if he wishes to pursue any claims in this case. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

If he does choose to proceed with this action, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 19-cv-00911-JPG).

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED:  10/29/2019**

s/J. Phil Gilbert
**J PHIL GILBERT**
**United States District Judge**
