# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN MCCONVILLE, #24600-045, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-00911-JPG ) |
| LIEUTENANT MCCALISTER, LIEUTENANT HUGGINS, LIEUTENANT MAY, LIEUTENANT FLORES, WILLIAM TRUE, OFFICER SMILIE, MS. SHORT, COUNSELOR KRAWCZYK, AND MR. MASTERS, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jonathan McConville filed this action for deprivations of his constitutional rights by persons acting under color of federal authority. *See Bivens v. Six Unknown Names Agents*, 403 U.S. 388 (1971). (Doc. 1). The Complaint did not survive screening pursuant to 28 U.S.C. § 1915A and was dismissed without prejudice on October 29, 2019. (Doc. 15). Plaintiff was granted leave to file a First Amended Complaint on or before November 26, 2019. (*Id*. at p. 5). However, he was warned that the action would be dismissed with prejudice, if he failed to file an amended complaint by the deadline. (*Id*.). He was also warned that the dismissal would count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

1

Plaintiff requested an extension of this deadline, and the Court granted his request. (*See* Docs. 17 and 18). Accordingly, the First Amended Complaint was due by December 10, 2019. However, he missed the extended deadline.

The Court nevertheless granted him a second extension, making the First Amended Complaint due on or before January 10, 2020. However, he was again warned that failure to file a First Amended Complaint by that date would result in dismissal of the action with prejudice. (*See* Doc. 20) (citing FED. R. CIV. P. 41(b)). Plaintiff also missed the second extended deadline. He neither filed a First Amended Complaint nor requested additional time to do so.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Orders (Docs. 15, 18, and 20) to file a First Amended Complaint and/or to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to Section 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Orders to file a First Amended Complaint (Docs. 15, 18, and 20) and prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as a "strike" within the meaning of Section 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal,

he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 1/21/2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**